Case 4:23-cv-03398   Document 5   Filed on 11/22/23 in TXSD   Page 1 of 5

United States District Court
Southern District of Texas
**ENTERED**
November 22, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ANDREW BURKE, <br> (TDCJ # 02465084) | § <br> § <br> § | |
| Petitioner, | § <br> § | |
| vs. | § <br> § | CIVIL ACTION NO. H-23-3398 |
| SHERIFF ERIC FAGAN, | § <br> § <br> § <br> § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

When he was a pretrial detainee in the Fort Bend County Jail, Andrew Burke (TDCJ #02465084), filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, alleging that he was being held on an excessive bond in violation of the Eighth Amendment. (Docket Entry No. 1, pp. 6-7). He sought a reduction in his bond and his immediate release from custody. (*Id.*). Burke also alleged in his petition that jail officials were physically abusing him, that they were denying him access to the courts, and that his appointed defense attorneys were providing ineffective assistance. (*Id.*). Since filing his petition, Burke has been convicted of the charges against him. *See* Court Records Search, www.tylerpaw.fortbendcountytx.gov (last visited Oct. 26, 2023).

Under Rule 4 of the Rules Governing Section 2254 Proceedings in the United States District Courts,[1] the court must review a petition for federal habeas corpus relief and dismiss it if "[i]t plainly appears from the petition . . . that the petitioner is not entitled to relief." After

---

[1] Rule 1 of the Rules Governing Section 2254 Proceedings in the United States District Courts provides that those rules apply to any petition for a writ of habeas corpus filed in a federal district court, including those filed under 28 U.S.C. § 2241. *See* Rule 1(b), Rules Governing Section 2254 Proceedings in the United States District Courts.

considering Burke's petition and all matters of record, the court dismisses his petition for the reasons explained below.

## I. The Claim for an Excessive Bond

Burke alleges that he is being held on an excessive bond, and he seeks to have his bond reduced to a personal recognizance bond to allow for his immediate release from jail. (Docket Entry No. 1, p. 6). A state pretrial detainee is entitled, in some circumstances, to raise constitutional claims concerning the fact or duration of his detention in a habeas petition filed under 28 U.S.C. § 2241. *See Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987). But a pretrial detainee's § 2241 petition becomes moot if the detainee is convicted of the state charges pending against him. *See Fassler v. United States*, 858 F.2d 1016, 1018 (5th Cir. 1988) (per curiam) (habeas petitions challenging the legality of pretrial detention are rendered moot by a conviction on the pending charges); *see also Murphy v. Hunt,* 455 U.S. 478, 481-82 (1982) (per curiam) (a pretrial detainee's claim to pretrial bail becomes moot once he is convicted).

As noted above, publicly available records show that Burke has been convicted of the state charges on which he was previously being held on a pretrial bond. *See* Court Records Search, www.tylerpaw.fortbendcountytx.gov (last visited Oct. 26, 2023). Because Burke is no longer a pretrial detainee subject to pretrial bond, his claim for a reduction in that bond is dismissed as moot.

## II. The Claims for Abuse and Denial of Access to the Courts

In addition to his claim concerning his pretrial bond, Burke alleges that jail officials are abusing him and denying him his right of access to the courts by refusing to permit him to call his attorney. (Docket Entry No. 1, pp. 6-7). These claims are dismissed because they are not properly raised in a habeas proceeding.

When a claim challenges the fact or duration of a state inmate's confinement, it may be raised and considered in a habeas corpus proceeding. *See Carson v. Johnson,* 112 F.3d 818, 820 (5th Cir. 1997); *Jackson v. Torres*, 720 F.2d 877, 879 (5th Cir. 1983) (per curiam). But when a claim challenges the conditions of a state inmate's confinement, that claim must be raised in a civil rights proceeding under 42 U.S.C. § 1983. *See Cook v. Texas Dep't of Crim. Just. Transitional Planning Dep't*, 37 F.3d 166, 168 (5th Cir. 1994). If a favorable determination of the inmate's claim would not automatically entitle him to an accelerated release, the claim must be raised in a § 1983 action. *See Orellana v. Kyle,* 65 F.3d 29, 31 (5th Cir. 1995) (per curiam).

Burke's claims for alleged abuse by jail officials and alleged violations of his right of access to the courts arise from the conditions of his confinement rather than its fact or duration. Because a decision in his favor on these claims would not result in his immediate release, these claims are not properly raised in a habeas petition, and must instead be raised in a complaint filed under § 1983. These claims are dismissed without prejudice to Burke filing a separate action under § 1983 and paying the appropriate filing fee.

**III.     The Ineffective Assistance of Counsel Claim**

Burke alleges that his appointed defense attorneys are providing ineffective assistance during his trial on the state charges, in violation of the Sixth Amendment. (Docket Entry No. 1, p. 7). This claim is dismissed because Burke has not exhausted his state remedies as to this claim.

Before a state prisoner may request federal habeas relief, he must exhaust his claims in state court. *See Picard v. Connor*, 404 U.S. 270, 275 (1971); *Dickerson*, 816 F.2d at 224; *see also Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994) (although § 2241 does not explicitly require prisoners to exhaust available remedies before seeking pretrial habeas relief, federal-state comity requires that prisoners exhaust their available state remedies before seeking federal habeas relief). To

3

exhaust state remedies, the petitioner must fairly present all of his habeas claims to the state's highest court in a procedurally proper manner. *See Vasquez v. Hillery*, 474 U.S. 254, 257-58 (1986); *Mercadel v. Cain*, 179 F.3d 271, 275 (5th Cir. 1999). A Texas prisoner may satisfy the exhaustion requirement by presenting both the factual and legal substance of his claims to the Texas Court of Criminal Appeals in either a petition for discretionary review or an application for a state writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure. *See Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998).

Burke appears to ask this court to stay his state criminal proceedings because his attorneys are providing ineffective assistance. While ineffective assistance of counsel may, in some circumstances, rise to the level of a constitutional violation, publicly available records show that Burke has not exhausted his state remedies as to this claim by pursuing them to conclusion in the state courts. *See* Court Records Search, www.tylerpaw.fortbendcountytx.gov (last visited Oct. 26, 2023). Burke filed motions in the trial court seeking to discharge his counsel, but there is no indication that he used the available procedures, including an application for state habeas relief, to present these claims to the Texas Court of Criminal Appeals.

Because Burke did not exhaust the available state remedies as to his claim for ineffective assistance of counsel before filing his federal petition, his claim for ineffective assistance of counsel is dismissed without prejudice for lack of exhaustion.

**IV.    Conclusion**

Burke's petition filed under 28 U.S.C. § 2241, (Docket Entry No. 1), is dismissed without prejudice. Any pending motions are denied as moot. An order of dismissal is separately entered.

A certificate of appealability will not be issued. *See Pack v. Yusuff*, 218 F.3d 448, 451 n.3 (5th Cir. 2000).

SIGNED on November 22, 2023, at Houston, Texas.

                                        Lee H. Rosenthal
                                  United States District Judge